UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIA MAXWELL, Individually, and as Next
Friend of T.D., a minor, and B.R., a minor.

    Plaintiff,

v.

DARREN DODD and Five Unknown
Agents of the United States Secret Service,
OFFICER A. ROESKE and SGT. SMITH of
the Sterling Heights Police Department, and
the UNITED STATES OF AMERICA,

    Defendants.
_____/

Case No. 08-11326

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 30, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

This action arises from a search of Kia Maxwell's ("Plaintiff") home on October 18, 2007. Presently before the Court is Defendant Daren Dodd's ("Dodd") and the United States of America's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), filed on August 26, 2008. The motion has been fully briefed. For the reasons set forth below, the Court grants defendants' motion.

**I. Facts and Procedural Background**

On October 18, 2007, Plaintiff alleges the Defendant Dodd and other United States Secret Service Agents entered and searched her home without a warrant, probable cause, or exigent circumstances. Plaintiff was nine months pregnant at the time and alleges that the agents forced her on the floor and held her at gunpoint throughout the search. At some point during the ordeal, Plaintiff's daughter, T.D., arrived home from school. Plaintiff alleges that the agents made derogatory comments about her and her family and claimed to have been investigating her for months. The agents searched for over an hour an ultimately seized cash and other property from Plaintiff's home before leaving.

Plaintiff filed her complaint on March 27, 2008, alleging violations of her and her children's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §§ 1983 and 1985(3) and the commission of various state torts by United States Secret Service Agent Darren Dodd, five unknown Secret Service agents, and two named officers of the Sterling Heights Police Department. On August 25, 2008, the United States Attorney representing Dodd filed a Notice of Substitution substituting the United States of America for Dodd in the state tort claims–Counts II-VII of the complaint. As required by the Westfall Act,[1] attached

---

[1] 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The Attorney General delegated to United States Attorneys the authority to provide certification under 28 C.F.R. § 15.3.

to the notice was the United States Attorney's certification that Dodd was acting within the scope of his employment at the time of the conduct alleged in the complaint. This Court delayed entering the substitution order to give Plaintiff an opportunity to oppose the notice and certification. On August 26, 2008, Dodd and the United States of America filed the present motion to dismiss. Plaintiff responded to the motion September 15, 2008. Not having received any filings in opposition to the notice of substitution, this Court entered a substitution order September 16, 2008.

**II. Standard of Review**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept the plaintiff's factual allegations as true. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000). Although the facts alleged in the complaint need not be detailed, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1974 (2007).

Though decidedly liberal, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The Supreme Court has elucidated the following standard:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to

> relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S. Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

**III. Analysis**

In his motion, Dodd argues that he is entitled to dismissal because, as a federal employee, he cannot be sued under the Fourteenth Amendment or 42 U.S.C. § 1983 and because he is entitled to sovereign and qualified immunity on Plaintiff's 42 U.S.C. § 1985(3) claim which is based on alleged violations of her Fourth Amendment rights. Dodd further argues that Plaintiff's pleadings are insufficient to support a § 1985(3) claim. Plaintiff

concedes that, insofar as Count I relies on the Fourteenth Amendment and § 1983, her claim should be dismissed as to Dodd but denies that he is entitled to immunity regarding his participation in an alleged conspiracy in violation of § 1985(3) to violate her and her children's Fourth Amendment rights. Plaintiff also argues that she has sufficiently alleged a § 1985(3) claim against Dodd.

Finally, the United States argues that it is entitled to dismissal on Counts II-VII because Plaintiff failed to comply with the Federal Torts Claim Act ("FTCA"). Plaintiff does not directly address this argument but suggests that the United States should not have been substituted for Dodd because Dodd acted outside the scope of his employment. Each issue will be addressed in turn.

## A. Count I against Dodd

The remaining claim against Dodd in Count I involves an alleged 42 U.S.C. § 1985(3) conspiracy to violate Plaintiff's and her children's Fourth Amendment constitutional rights. The parties agree that a § 1985(3) claim requires proof from the plaintiff of:

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). To establish that the conspirators had a purpose of depriving a person of equal protection of the law, a plaintiff must also establish that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Griffin v. Breckenridge*, 103 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971). Intent to commit the underlying act is alone

5

insufficient; the conspirators must have acted "'because of' and not merely 'in spite of' [the act's] adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U. S. 263, 271-72, 113 S. Ct. 753, 760-61 (1993) (internal quotations omitted).

Dodd argues that Plaintiff's complaint is insufficient to state a § 1985(3) claim because, among other things, it fails to identify Plaintiff's membership in any protected class or to allege that the defendants were motivated by a discriminatory animus. In response, Plaintiff asserts that she has provided sufficient evidence that defendants violated of her Fourth Amendment rights because of race-based animus. Plaintiff's complaint, however, fails to support this position.

After careful review of Plaintiff's complaint, the Court finds no indication that Plaintiff belongs to a protected class or that the defendants acted out of race-based animus. Although Plaintiff asserts that the defendants made "derogatory comments" regarding her and her family, the complaint fails to specify the nature or content of these alleged comments. Overall the complaint focuses on how Plaintiff's rights were violated rather than why. Only in her response brief and attached affidavit does Plaintiff explain Dodd's alleged race-based animus. Because the complaint fails to allege a necessary element of her claim, this Court must grant Dodd's motion to dismiss under Federal Rule 12(b)(6).[2]

---

[2]In the response brief, Plaintiff's counsel argues that the claim has been sufficiently pled but asks, in the alternative, that this Court grant Plaintiff leave to amend based on an attached affidavit that contains more specific allegations than the complaint. Dodd has yet to file a responsive pleading and, therefore, Plaintiff need not ask for leave to amend. Fed. R. Civ. P. 15(a). Nonetheless, Plaintiff has yet to submit such an amendment to the Court. In the meantime, this Court is not required to provide an advisory opinion informing Plaintiff of the deficiencies of her complaint. *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698-99 (6th Cir. 2004).

**B. State Tort Claims against the United States**

Having been substituted for Dodd in Counts II-VII, the United States seeks dismissal from this case on grounds that Plaintiff failed to comply with the FTCA. Plaintiff does not allege that she complied with the FTCA but rather argues that the United States should not have been substituted for Dodd. Specifically Plaintiff asserts that Dodd could not have been acting within the scope of his employment–as required for substitution–when he intentionally violated her constitutional rights.

Although plaintiffs are afforded an opportunity to challenge a notice of substitution, a United States Attorney's certification "provides prima facie evidence that the employee was acting within the scope of employment." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). Therefore, "to contest the propriety of substitution, the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment." *Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002). "Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium*, 78 F.3d at 1143. Under Michigan law, "[t]he determinative question is whether the employee's actions are within his authority" and "an employee's actions may be within the scope of his or her employment even if the actions constitute intentional torts." *Arbour v. Jenkins*, 903 F.2d 416, 422 (6th Cir. 1990) (citations omitted).

Plaintiff failed to bring forth evidence to rebut the United States Attorney's certification that Dodd acted within the scope of his employment. Plaintiff relies on the allegations that Dodd committed intentional torts to support her position that he acted outside the scope of

7

his employment.  Because employees may still be acting within the scope of employment when they commit intentional torts, Plaintiff's assertions, without more, fail to overcome the prima facie evidence established by the United States Attorney's certification.  Therefore, substitution was proper.

Because Plaintiff also failed to contest the charge that she has not complied with the FTCA's administrative exhaustion requirements, she has forfeited this issue and the United States is entitled to dismissal on Counts II-VII.

## IV. Conclusion

Plaintiff's complaint fails to allege necessary elements of her claims against Secret Service Agent Dodd and the United States of America.  In Count I, Plaintiff fails to allege that Dodd purposely deprived her or her children of equal protection of the law.  In Counts II-VII, Plaintiff fails to support her argument that the United States was inappropriately substituted for Dodd and further fails to allege compliance with the FTCA.  For the reasons stated above, this Court must grant the motion to dismiss submitted by Defendants Dodd and the United States of America.

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**; therefore, Count I against Darren Dodd and Counts II-VII against the United States of America are **DISMISSED WITHOUT PREJUDICE**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Rex A. Burgess, Esq.
Heidi T. Sharp, Esq.
William L. Woodward, Esq.
Lawrence M. Scott, Esq.