UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIA MAXWELL, Individually and as Next
Friend of TD, a minor, and BR, a minor,

       Plaintiff,

v.

                                          Case No. 2:08-cv-11326
                                          Judge: PATRICK J. DUGGAN

DARREN DODD, JAY DONALDSON,
ROGER GONGOS, MATTHEW GUNNARSON,
JAMES KNIGHT, GREGORY LASKI,
DANIEL LANGOHR, and JOSEPH SVESKA
of the United States Secret Service,

       Defendants.
_____/

**STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE
OF RECORDS SUBJECT TO THE PRIVACY ACT**

STIPULATION

      The plaintiff has served the defendants, all of whom were Special Agents for the United States Secret Service ("Secret Service") during the events underlying this action, with Plaintiff's Request for Production of Documents, seeking certain investigative records, documents, materials and things (hereinafter collectively referred to as "records") that are in the possession, custody, and control of the Secret Service and that are deemed private and confidential under the Privacy Act, 5 U.S.C. § 552a.  They are subject to the restrictions of the Privacy Act because they include the names, identifying information, and/or actions of individuals who are not parties to this case. Production of these records, in the absence of an order authorizing their production, is prohibited

by the Privacy Act.  The defendants, through the Secret Service, have responded to Plaintiff's Request for Production of Documents, noting in several responses that documents will be produced upon entry of a protective order under the Privacy Act of 1974, 5 U.S.C. § 552a, and will be subject to the protective order.  The parties and the Secret Service, through their undersigned attorneys, now stipulate and agree to entry of a protective order providing as follows:

1.  To the extent that the Privacy Act applies to certain records or portions of records requested by plaintiff in her Request for Production of Documents, the Secret Service and its agents or representatives are authorized to produce the requested records because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the plaintiff's need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as appropriate protective measures are taken.  This stipulation and order do not apply to those records or portions of records that include privileged information, if any, or that are otherwise objectionable.  Upon entry of a stipulated protective order under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act even though the records contain the names and other identifying information and/or actions regarding persons who are not parties to this case.

2.  The records produced to the plaintiff in this case by the Secret Service and its agents or representatives pursuant to this stipulated order shall be kept in strict confidence and used only for purposes of this litigation, and all such records and copies shall be destroyed or returned to the Office of the United States Attorney for the Eastern District of Michigan within sixty (60) days of termination of this litigation, including appeals or after the time to file an appeal has expired.  The

records produced shall be made available only to the parties, their counsel, persons in the employ of the Secret Service or formerly in the employee of the Secret Service who are involved in this litigation, and to consultants, advisors, and experts retained by counsel for purposes of this litigation.

3.  All persons having access to the records produced pursuant to this stipulated order will agree not to further disclose the records, or the information they contain, other than in conformance with this order (or such further order as the Court may enter), or the provisions of the Privacy Act, 5 U.S.C. § 552a(b).

4.  This order does not constitute a ruling on the question of whether particular records or portions of records are discoverable or admissible, nor does it constitute a ruling on whether certain records or portions of records contain privileged information.  Moreover, this order shall not be construed as a waiver by the Secret Service or by the parties of any objections that might be raised as to the production or admissibility of any of the records responsive to Plaintiff's Request for Production of Documents.

5.  This order does not limit or in any way preclude the rights of the Secret Service to access, review and/or maintain records containing information subject to the Privacy Act.

6.  The parties shall take all steps reasonably required to protect the confidentiality of individuals who are not parties to this litigation in any filings with the Court which contain records or summaries of records protected by this stipulation and order.

7.  Nothing in this agreement shall be construed to limit use or disclosure by a party or the Secret Service, to the extent otherwise permitted by law, of documents or information which were in the party's or Secret Service's possession prior to and for reasons unrelated to proceedings in this action.

SO STIPULATED AND AGREED TO BY:

| | |
|---|---|
| BURGESS & SHARP, PLLC | TERRENCE BERG<br>United States Attorney |
| *w/ consent of Rex A. Burgess*<br>REX A. BURGESS<br>Attorneys for Plaintiff<br>15985 Canal Road<br>Clinton Township, MI 48038<br>Phone: (586) 226-2677<br>E-mail: rex@burgess.com<br>(P42779) | *s/William L. Woodard*<br>WILLIAM L. WOODARD<br>Assistant U.S. Attorney<br>Attorneys for Defendants and Secret Service<br>211 West Fort Street, Suite 2001<br>Detroit, MI  48226-3211<br>Phone: (313) 226-9786<br>E-mail: william.woodard@usdoj.gov<br>(P27404) |

Dated: July 28, 2009

## PROTECTIVE ORDER

**IT IS SO ORDERED.**

S/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  July 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 28, 2009, by electronic and/or ordinary mail.

S/Marilyn Orem
Case Manager