UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIA MAXWELL, Individually, and as Next
Friend of T.D., a minor, and B.R., a minor.

   Plaintiffs,

v.

DARREN DODD; A. ROESKE; SMITH;
JOHN DOE, five unknown agents of the
United States Secret Service; UNITED
STATES OF AMERICA; STERLING
HEIGHTS POLICE DEPARTMENT; JAY
DONALDSON; ROGER GONGOS;
MATTHEW GUNNARSON; JAMES
KNIGHT; GREGORY LASKI; DANIEL
LANGHOR; and JOSEPH SVESKA,

   Defendants.
                /

Case No. 08-11326

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 12, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
          U.S. DISTRICT COURT JUDGE

This action arises from the arrest of Bryan Ross at the home of Kia Maxwell, T.D., and B.R. (collectively "Plaintiffs") on October 18, 2007. Presently before the Court is a Motion for Final Judgment by the United States and a Motion for Judgment as a Matter of Law by Darren Dodd, Roger Gongos, Matthew Gunnarson, James Knight, and Gregory Laski

(collectively "Defendants"),[1] filed on October 20, 2009. Plaintiffs responded to the motions on November 2, 2009, and Defendants replied November 5, 2009. The Court is deciding the motions without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, the Court denies the motions.

**I. Facts and Procedural Background**

In the months leading up to the events that are the subject of this lawsuit, United States Secret Service Agent Darren Dodd had been investigating Bryan Ross as a suspected conspirator in the use of counterfeit money and checks. By mid-October 2007, Dodd had obtained two arrest warrants based on information obtained through his investigation and surveillance of Ross. On October 18, 2007, Dodd and a team comprised of Secret Service Agents Jay Donaldson, Joseph Sveska, Roger Gongos, Matthew Gunnarson, James Knight, Gregory Laski, and Daniel Langhor and Sterling Heights Police Officers A. Roeske and Smith arrested Ross at the home of Kia Maxwell, Ross's girlfriend. Other residents of the home included Ross's daughter, T.D.; the son of Ross and Maxwell, B.R.; and Maxwell's sister, Tyra Maxwell.

After Ross's arrest, Plaintiffs allege that the Secret Service agents conducted an unlawful search of their home without consent or a search warrant. More specifically, Maxwell alleges that the agents held her at gunpoint, used racially derogatory language, and dragged her from room to room of the house while they conducted their search. Maxwell was nine-months pregnant at the time and she further alleges that the agents refused to allow

---

[1]As discussed in more detail below, these are the only remaining defendants in this action.

2

her to use the bathroom while they were present, causing Maxwell to urinate on herself. Before leaving the home, Plaintiffs allege that the agents unlawfully seized a shotgun, ammunition, and approximately $9600 in cash.

On March 27, 2008, Plaintiffs filed a seven-count complaint against Dodd, five unknown Secret Service agents (reflected on the docket as John Doe), and the two officers of the Sterling Heights Police Department—Roeske and Smith.  The complaint alleged violations of Plaintiffs' Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §§ 1983 and 1985(3) and the commission of various state torts.  On September 16, 2008, the United States of America substituted in for Dodd in Counts II-VII of the complaint.  After being briefed on a motion to dismiss, this Court issued an opinion and order on September 30, 2008, dismissing the claims against the United States and Dodd without prejudice.  The claims against the United States were dismissed because Plaintiffs had not exhausted their administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675.

On October 8, 2008, Plaintiffs filed, as of right, a seven-count amended complaint against Dodd, the five unknown Secret Service agents, Roeske, and Smith.  On October 27, 2008, Plaintiffs stipulated to the dismissal of Roeske and Smith.  Pursuant to another stipulation, Plaintiffs filed a two-count second amended complaint on January 19, 2009, naming Dodd, Donaldson, Gongos, Gunnarson, Knight, Laski, Langhor, and Sveska as defendants.[2]  On June 3, 2009, Plaintiffs stipulated to the dismissal of Donaldson and Sveska.

---

[2]Presumably, the seven new defendants represented the five unknown Secret Service agents because the second amended complaint makes no mention of unknown agents or "John

On July 17, 2009, the remaining defendants filed a motion for summary judgment. The Court granted the motion in part and denied it in part at a hearing on October 1, 2009.[3] On October 8, 2009, Plaintiffs stipulated to the dismissal of Langhor. The case is currently scheduled for trial on November 16, 2009. At trial, Plaintiffs will pursue a Fourth Amendment *Bivens* claim against Dodd, Gongos, Gunnarson, Knight, and Laski and a civil rights conspiracy claim against Dodd and Knight.[4]

As indicated above, the United States and the remaining Defendants filed the present motions for judgment on October 20, 2009. In the motions, the United States seeks final judgment on Plaintiffs' previously dismissed FTCA claims and Defendants argue that Plaintiffs' remaining claims are barred by 28 U.S.C. § 2676.

**II. The Judgment Bar, 28 U.S.C. § 2676**

When a federal agent violates the constitutional rights of an individual, the agent's conduct generally gives rise to two potential causes of action: (1) an action alleging tort claims against the United States pursuant to the FTCA, and (2) an action alleging constitutional violations brought against the individual agent pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). *See Carlson v. Green*, 446 U.S. 14, 19-23, 100 S. Ct. 1468, 1472-74 (1980). The

---

Doe." At this time, however, the Court's docket still reflects "John Doe" as a remaining defendant. Therefore, the Court orders that the defendant "John Doe, five unknown agents of the United States Secret Service," be dismissed.

[3]The Court's holding is reflected in an order filed on October 5, 2009.

[4]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), allows individuals to sue federal agents for alleged constitutional violations.

individual wronged by the federal agent has the option of pursing one or both causes of action. *See Manning v. United States*, 546 F.3d 430, 434-35 (7th Cir. 2008). Federal statute provides, however, that judgment on an FTCA claim brought against the government constitutes "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. This judgment bar extends to parallel *Bivens* actions. *Harris v. United States*, 422 F.3d 322, 333 (6th Cir. 2005). Consequently, plaintiffs who pursue the parallel causes of action "must make strategic choices in pursing the remedies." *Manning*, 546 F.3d at 435.

In this case, Plaintiffs' original complaint included several tort claims against Secret Service Agent Dodd. Pursuant to the Westfall Act, *see* 28 U.S.C. § 2679(d)(1), the United States substituted in for Dodd as the party defendant to those claims. As tort claims against the United States, the claims were then subject to the administrative exhaustion requirement of the FTCA, *see* 28 U.S.C. § 2675(b), and the Court dismissed the tort claims without prejudice on September 30, 2008, based on Plaintiffs' failure to exhaust. At that stage of the proceeding, Plaintiffs had the option of pursuing those FTCA claims administratively by presenting them to the United States Secret Service. *See id.* §§ 2672, 2675(b). Instead, Plaintiffs filed their amended complaints alleging *Bivens* claims against Dodd and other Secret Service Agents. In the meantime, Plaintiffs' ability to file administrative tort claims against the United States expired on October 18, 2009—the two-year anniversary of the events giving rise to this litigation. *See* 28 U.S.C. § 2401(b) (setting a two-year statute of limitations for tort claims against the United States).

In their present motions, the United States and Defendants argue that this Court's prior dismissal of Plaintiffs' FTCA claims combined with the recent expiration of the statute of limitations bars Plaintiffs from obtaining relief on their remaining claims. Although the Court's prior dismissal of the United States was without prejudice, the United States now seeks final judgment dismissing the FTCA claims with prejudice on grounds that the statute of limitations has run. As soon as such a judgment enters, Defendants argue that they are entitled to dismissal of Plaintiffs' remaining claims.

The arguments presented by the United States and Defendants ignore an important aspect of the judgment bar. Time and again, courts have held that the judgment bar does not restrict plaintiffs from pursuing both FTCA claims and *Bivens* claims. *See, e.g.*, *Manning*, 546 F.3d at 434 ("[W]e encourage[] plaintiffs with claims under *Bivens* and the FTCA to pursue those claims concurrently in the same suit."). In regard to pursuing those claims to judgment, however, the judgment bar "imposes an *election* of remedies." *Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991) (emphasis added). As the Seventh Circuit explained:

> [T]he idea that a plaintiff may bring claims against both the government and the federal officer does not directly implicate whether one may pursue those claims to judgment. Both remedies remain as viable causes of action, but because of the broad language of the judgment bar, plaintiffs *must make strategic choices* in pursing the remedies. We do not think it unreasonable to require a plaintiff that moved for judgment on a successful Bivens claim to decide whether or not it makes sense to voluntarily withdraw a contemporaneous FTCA claim.

*Manning*, 546 F.3d at 435 (emphasis added). Unless and until a final judgment enters on an FTCA claim, then, plaintiffs retain the ability to choose between the remedies.

The motions presently before the Court attempt to strip Plaintiffs of the ability to make strategic decisions regarding the remedies after filing both types of claims. Defendants argue that "[t]he judgment bar applies in this case simply because plaintiff alleged state law claims against a federal employee(s) acting within the scope of their federal employment." (Def.'s Mot. at 5.) As the case law makes clear, however, the judgment bar is not implicated by the mere filing of FTCA claims. *See, e.g.*, *Ting*, 927 F.2d at 1513 n.10 ("[A] plaintiff may maintain both a FTCA and a *Bivens* action . . . ."). Furthermore, this Court's dismissal of Plaintiffs' FTCA claims *without prejudice* did not relegate Plaintiffs to the pursuit of one cause of action over the other; that dismissal merely forced Plaintiffs to begin making strategic decisions regarding the pursuit of their claims.[5] Since that time, Plaintiffs have clearly elected to pursue their *Bivens* claims rather than their FTCA claims. And because Plaintiffs did not pursue their FTCA claims to judgment, the judgment bar does not apply in this case.

Defendants argue, nonetheless, that judgment "will inevitably be entered" in favor of the United States, barring any potential recovery by Plaintiffs in the upcoming trial. (Defs.' Mot. at 6.) To get to this conclusion, Defendants assert that, because the statute of limitations has now run, "this Court's earlier dismissal of the United States without prejudice is essentially one with prejudice." (*Id.*) Furthermore, Defendants note that the judgment bar

---

[5]Defendants assert that the judgment bar applies because the Court's dismissal without prejudice was not a voluntary withdrawal as contemplated by *Manning*. *See* 546 F.3d at 435. Plaintiffs' decision not to continue pursuit of their FTCA claims, however, is not made *involuntary* by the fact that the decision was made after the Court dismissed the FTCA claims without prejudice. The whole point of a dismissal without prejudice is to leave plaintiffs the option of pursuing their claims in another manner or forum.

7

does not distinguish between judgments on the merits and judgments based on jurisdictional or procedural grounds. *See, e.g.*, *Farmer v. Perrill*, 275 F.3d 958, 964 (10th Cir. 2001).

Although a procedural *judgment* on an FTCA claim can act as a bar to recovery on related *Bivens* claims, the Court is unaware of any precedent interpreting a *dismissal* without prejudice as a *judgment* implicating the judgment bar. Similarly, Defendants and the United States cite no authority for the proposition that this Court can now convert a prior dismissal without prejudice to dismissal with prejudice on claims that are no longer pending before the Court. Furthermore, entry of "judgment" on claims that Plaintiffs chose not to pursue would effectively nullify Plaintiffs' ability to choose between FTCA and *Bivens* claims. Defendants might respond that Plaintiffs made their choice when they alleged FTCA claims in their original complaint; as explained above, however, the courts have consistently acknowledged that plaintiffs may bring both causes of action and later make the strategic decision regarding which claims to pursue to judgment. *See Manning*, 546 F.3d at 435. In this case, Plaintiffs did just that, thereby avoiding the judgment bar of 28 U.S.C. § 2676.

Accordingly,

**IT IS ORDERED** that the United States's Motion for Entry of Final Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment as a Matter of Law Pursuant to 28 U.S.C. § 2676 is **DENIED**.

**IT IS FURTHER ORDERED** that John Doe is **DISMISSED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Rex A. Burgess, Esq.
Heidi T. Sharp, Esq.
Heidi J. Junttila, Esq.
William L. Woodward, Esq.